IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MECHANICAL SYSTEMS, INC.,

                    Plaintiff and Counter-Defendant,

                                     OPINION AND ORDER

    v.

                                     20-cv-510-wmc

ND PAPER, INC.,

                    Defendant and Counter-Claimant,

and

ND PAPER, INC.,

                    Third-Party Plaintiff,

    v.

TONY PUMPER, PAUL LESTER, BILLY
OWENS, JASON KOESTER, and MIKE
PRAHL,

                    Third-Party Defendants.

---

In this action, plaintiff Mechanical Systems, Inc. ("MSI") asserts claims against defendant ND Paper, Inc. for construction lien foreclosure, breach of contract, unjust unrichment, and account stated. (Compl. (dkt. #2).) Defendant ND Paper moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) the unjust enrichment and account stated claims on the grounds that they are improper under Wisconsin law due to the existence of a valid contract. (Dkt. #14.) For the reasons that follow, the court will deny defendant's motion.

ALLEGATIONS OF FACT[1]

Plaintiff MSI and defendant ND Paper entered into a contract on April 22, 2019, for the construction of two 700 tons-per-day ("TPD") tanks and one 1,000 TPD tank at a total price of $2,499,072.  That contract was amended on July 22, 2019, to include another tank suitable for storage under 40 C.F.R. subpart WW, for a new total contract price of $3,123,065.76.  The contract further requires invoices to be paid by ND Paper within 30 days of them being issued.

Work began on the tanks on July 8, and MSI issued its first invoice for work performed to ND Paper on July 31 for $316,435.50, due August 30.  ND Paper did not pay this invoice until September 9.  MSI issued another invoice for its work on September 24 for $336,257.23 and again on October 24 for $437,928.52.  Because neither of those invoices had been paid by Thanksgiving, MSI halted work.  When ND Paper finally paid on December 5, MSI apparently resumed work and issued three additional invoices for $230,682.56, $112,575.15, and $14,719.44 throughout the month of December.  By the end of January 2020, however, all three of these invoices were overdue, and MSI again halted work on February 1.  MSI further "demobilized," removing all its work materials and equipment from the job site.

At the time of demobilization, the two 700 TPD tanks were complete except for installation of the "Vertical Fall Lifeline System," amounting to about $1,000 per tank.

---

[1] In resolving a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

Considering this uncompleted work and the $999,466.43 already paid on the invoices, MSI claims that ND Paper still owes $496,681.57 for the work completed on those tanks. ND Paper has also paid MSI $418,106.79 of the $612,993.76 in work completed on the WW tank. Therefore, MSI claims that ND Paper still owes $194,886.97 for the work on that tank. Finally, MSI completed some work and furnished materials for the 1000 TPD tank. Giving credit back for the materials removed from the site worth $117,000 and payments to date by ND Paper of $448,378.43 of the $716,792.26 MSI has invoiced for the work completed on the 1000 TPD tank, MSI claims ND Paper still owes $151,413.83 on that project.

In total for the work under contract then, MSI claims that ND Paper owes a total of $842,982.37 for its work to date on all the tanks. Additionally, MSI claims a sum of $57,556.94 for work performed outside of the scope of the original contract. Accordingly, MSI seeks a total of $900,539.31 from ND Paper.

OPINION[2]

A motion to dismiss under Rule 12(b)(6) is designed to test whether a complaint is legally sufficient. Thus, a motion to dismiss must be denied unless no relief could be

---

[2] The court has jurisdiction over this action under 28 U.S.C. § 1332(a). Plaintiff Mechanical Systems, Inc., is incorporated and keeps its principal place of business in Minnesota; defendant ND Paper, Inc., is incorporated in Delaware and maintains its principal place of business in Illinois; and the amount in controversy exceeds $75.000. (Compl. (dkt. #2) ¶¶ 2, 3, 47.) The court also has diversity jurisdiction over ND Paper's third-party complaint against five individuals, none of whom are citizens of either Delaware or Illinois, and the amount in that controversy also exceeds $75,000. (Third Party Compl. (dkt. #36) ¶¶ 3-7, p.8.) Regardless, the court may exercise supplemental jurisdiction over these third-party claims under 28 U.S.C. § 1367.

granted under any set of facts consistent with the allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## I.   Unjust Enrichment

Defendant moves to dismiss plaintiff's claim off unjust enrichment.  To prevail on a claim of unjust enrichment in Wisconsin, a plaintiff must prove three elements: "(1) a benefit conferred on the defendant by the plaintiff, (2) appreciation or knowledge by the defendant of the benefit, and (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable for the defendant to retain the benefit." *Watts v. Watts*, 137 Wis. 2d 506, 531, 405 N.W.2d. 303, 313 (1987).

In their motion, defendants argue the claim of unjust enrichment should be dismissed because, as plaintiff alleges, there was a valid contract between the parties, and equitable relief cannot be granted under Wisconsin law when a contract exists.  (Def.'s Opening Br. (dkt. #14) 4.)  While it is true that "the doctrine of unjust enrichment does not apply where the parties have entered into a contract," *Cont'l Casualty Co. v. Wis. Patients Comp. Fund*, 164 Wis. 2d 110, 118, 473 N.W.2d 584 (Ct. App. 1991), a plaintiff is allowed to plead unjust enrichment in the alternative to a breach of contract claim.  *See N. Grp., Inc. v. Tech 4 Kids Inc.*, 352 F. Supp. 3d 882, 888 (E.D. Wis. 2018).

Here, plaintiff has pleaded both a breach of contract and unjust enrichment in the alternative.  In the event a valid contract does not exist, or some of the work performed by plaintiff was outside of the scope of the written contract, as was also alleged, plaintiff *could* recover on unjust enrichment grounds.  Regardless, since plaintiff has alleged facts to support there was a benefit conferred, appreciation of that benefit by the defendant, and

4

acceptance of the benefit, it would be inappropriate for the court to dismiss the claim at this early stage in the lawsuit, whether plaintiff ultimately recovers for unjust enrichment, under a valid contract, or both.

## II. Account Stated

Additionally, ND Paper moves to dismiss MSI's claim of an account stated.  There are four elements to an account stated claim in Wisconsin:  (1) "one party holds an account against another"; (2) "a statement of the account is made showing the amount due"; (3) "the statement is admitted by the other party to be correct"; and (4) "there is a promise, either actual or implied, to pay the same."  *Onalaska Elec. Heating, Inc. v. Schaller*, 94 Wis. 2d 493, 501-502, 288 N.W.2d 829, 833 (1980).

Here, MSI has also alleged sufficient facts to state a plausible claim for an account stated.  First, MSI provided construction services to ND Paper for months and acted as a creditor by issuing invoices, establishing an account.  Second, a statement of the account showing the amount due was sufficiently pleaded in the complaint through the allegations of invoices sent to ND Paper totaling approximately $900,000.  The third and fourth elements were also sufficiently pleaded in that ND Paper allegedly made payments on part of the invoices, implying a promise to pay, and the amounts do not appear disputed by ND Paper, at least on the face of the complaint itself.  Moreover, nothing MSI alleges affirmatively in the complaint *precludes* recovery on the theory of account stated.

Nonetheless, ND Paper again argues the existence of a written contract precludes MSI from recovery on an account stated claim because it is intended to be the basis for finding an *implied* contract only if an express one does not exist.  However, the Wisconsin

5

Supreme Court has described an "account stated" as "an agreement between debtor and creditor that the items of the transaction between them are correctly stated in a statement rendered, that the balance shown is owing by the one party to the other, and that the one promises to pay that balance to the other." *In re Vicen's Est*, 1 Wis. 2d 193, 197, 83 N.W.2d 664, 667 (1957).  As MSI states in its opposition brief, this definition does not appear to require the *absence* of a written contract for there to be an account stated, or at least defendants have failed to direct the court to any case so requiring.  (Pl.'s Opp'n (dkt. #21) 9.)  Finally, in *Onalaska Electric Heating*, the court at least implied that an account stated claim *can* exist even when there was a previous, valid written contract between the two parties.  *Cf.* 288 N.W.2d at 832 ("action on an account stated is an action on the *new contract* . . . and not upon the original dealings and transactions of the parties") (emphasis added).

Accordingly, plaintiff has not yet pleaded itself out of a claim upon which relief can be granted.

ORDER

IT IS ORDERED that defendant ND Paper, Inc.'s motion to dismiss (dkt. #14) is DENIED.

Entered this 29th day of July 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge